UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

PHYLLIS WELLS,

    Plaintiff,

v.

STANTON HEALTH CENTER, LLC a Domestic Limited Liability Company, PCPMG CONSULTING LLC, a Foreign Limited Liability Company, and STANTON HEALTH FACILITIES, LP, a Foreign Limited Partnership

    Defendants.
_____/

CIVIL ACTION NO. 3:20-cv-142-CHB

JURY TRIAL DEMANDED

## COMPLAINT

1. This case concerns a staffing coordinator of a nursing home who regularly worked 70-75 hours a week in a non-exempt position but was not properly compensated for all of the overtime hours she worked.

2. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for her overtime work at a rate of one and one-half times her regular rate of pay. *See* 29 U.S.C. § 207(a).

### SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Western District of Kentucky.

6. Defendants conducted substantial and not isolated business in the Western District of Kentucky at all relevant times.

7. Defendants had agents and employees in the Western District of Kentucky at all relevant times.

8. Defendants had a business located in the Western District of Kentucky at all relevant times.

## PARTIES AND PERSONAL JURISDICTION

9. At all times relevant hereto, Plaintiff Phyllis Wells was an individual residing in Powell County, Kentucky.

10. Defendant Stanton Nursing and Rehabilitation, LLC is a Kentucky Limited Liability Company.

11. Defendant PCPMG Consulting, LLC, is a Foreign Limited Liability Company.

12. Defendant Stanton Health Facilitates, is a Foreign Limited Partnership.

13. This Court has personal jurisdiction over this Defendant because she is a resident of Kentucky.

## FLSA COVERAGE

14. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Plaintiff was Defendants' employee within the meaning of the FLSA. 29 U.S.C. § 203(e).

16. Defendants determined the rate and the method of payment for Plaintiff.

17. Defendants maintained some records regarding the time Plaintiff worked, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

18. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. Defendants are Plaintiff's employer within the meaning of 3(d) of the FLSA, and are jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

20. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. Specifically, Defendants' employees have sold goods that have been moved or produced in interstate commerce to Defendants' customers. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

23. Furthermore, Defendants have had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

24. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## **WAGE VIOLATIONS**

25. Defendants paid Plaintiff on an hourly basis up to 40 hours a week, but did not pay her for any hours she worked beyond 40 hours in a week at all.

## **FACTS**

26. Defendants own and operate a nursing home.

27. From approximately September 2015 through September 2018,

4

Plaintiff worked for Defendants.

28. Although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

29. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

30. Defendants misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA.

31. At all material times, Defendants operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants performs related activities through unified operation and common control for a common business purpose.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

32. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

33. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

34. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

35. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

36. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a) The time of day and day of week on which the employees' work week begins;

    b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e) The hours worked each workday and total hours worked each workweek;

    f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

    j)      The total wages paid each pay period; and

    k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

37. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff.

38. Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that he, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a

just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

39. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for one or more weeks of work with Defendants.

40. Plaintiff is entitled to an award of liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs under the FLSA.

## DAMAGES SOUGHT

42. Plaintiff is entitled to recover her unpaid compensation, including overtime compensation.

43. Plaintiff is also entitled to an amount equal to all of his unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

44. Plaintiff is entitled to recover her attorney's fees and costs as required by the FLSA.

## JURY DEMAND

45. Plaintiff hereby demands trial by jury.

Dated this 21st day of February, 2020.

>/s/ *J. Corey Asay*
>J. Corey Asay
>Morgan & Morgan, P.A.
>333 W. Vine St, Suite 1200
>Lexington, Kentucky 40507
>Tel – (859) 286-8368
>Email – casay@forthepeople.com
>*Attorney for Plaintiff*